1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL T. SCHAEFER,                        No.  2:15-cv-1802 DAD P

12              Plaintiff,

13      v.                                       ORDER

14   T. ROWLAND, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2   1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief against a
4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.

15       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
16  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
17  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
18  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
19  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
20  this standard, the court must accept as true the allegations of the complaint in question, Hosp.
21  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
22  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
23  McKeithen, 395 U.S. 411, 421 (1969).

24       In the operative complaint, plaintiff alleges that, following his transfer to the California
25  Health Care Facility, he was retaliated against for filing administrative grievances in which he
26  (i) sought a single cell placement and (ii) claimed that a Correctional Officer Michels used
27  excessive force against him. Plaintiff alleges that, after filing these grievances, he "was removed
28  from chronic care pain meds and moved to a dorm with violent offenders."  (ECF No. 1 at 6.)

1    Plaintiff describes the events that followed the change in his housing and medication as

2    follows:

3        In the plaintiffs case the assault took place at 4:00 to 4:30 a.m. and
         was loud enough that Nurses station had to hear what was taking
4        place as well as Custody and even after inmate Moore screamed at
         the top of his lungs:  "YOU WANT SOME MORE" still nobody
5        responds at a time when you could hear a pin drop, even as they
         were bagging up bloody blankets, sheets, shirts, pants and cleaned
6        up the scene as the plaintiff lay lifeless in a pile of plod, still
         "NOTHING."  The plaintiff previously told Psych Tech (Aguayo),
7        Psychiatrist (Dr. Knowles), Correctional Officer (Clark),
         Correctional Officer (Perry), Correctional Officer (Miller),
8        Correctional Officer (English) who then asked their superior
         Sergeant (Rowland) and all superiors said "NO MOVES" is what
9        was told to [plaintiff] he also asked Nurse Practitioner (Diane
         O'Laughlin)[.]  The Chief Physician and Surgeon (Dr. Church) had
10       agreed in the plaintiffs move and change in his treatment.  He gave
         false information to the plaintiff private attorney as well as the
11       attorneys for the Prison Law Office making statements that say the
         plaintiff agreed to tapering his chronic care meds . . . . (sic)
12

13   (ECF No. 1 at 8).

14       As currently pled, plaintiff's complaint fails to state a cognizable claim for relief.

15       The following standards apply to a retaliation claim.  It is well-established that prison

16   inmates have a constitutional right to freedom from retaliation for engaging in activity protected

17   by the First Amendment.  Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).  A prisoner

18   retaliation claim has five elements.  First, plaintiff must allege and show that he engaged in

19   conduct protected by the First Amendment.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.

20   2012).  Second, a "plaintiff must claim that the defendant took adverse action against the

21   plaintiff."  Id. (citing Rhodes, 408 F.3d at 567).  "The adverse action need not be an independent

22   constitutional violation."  Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)).  Third,

23   the plaintiff must allege and show a causal connection between the protected conduct and the

24   adverse action.  Id.  Fourth, the plaintiff must allege and prove either a chilling effect on the

25   exercise of First Amendment rights or some other harm.  Id.  Finally, plaintiff must allege and

26   show that the retaliatory action "'did not advance legitimate goals of the correctional

27   institution . . . .'"  Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

28   /////

1    Here, plaintiff has satisfactorily alleged the first element of a retaliation claim:  that, in

2    filing inmate grievances, he engaged in conduct protected by the First Amendment.  Plaintiff has

3    also adequately alleged that he was the victim of adverse action, specifically, being "removed

4    from chronic care pain meds and moved to a dorm with violent offenders."  (ECF No. 1 at 6.)

5    Plaintiff has also satisfactorily alleged the fourth element of a retaliation claim, by describing the

6    physical harm that he experienced as a result of his change in housing.  However, plaintiff only

7    includes pertinent allegations regarding Dr. Church's role in the alleged adverse action.  Plaintiff

8    has failed, however, to allege how the remaining named defendants – Lieutenant Britton,

9    Sgt. Rowland, Correctional Officers Perry, Clark, English, and Miller, Registered Nurse Silva,

10   and Psych Tech Aguayo – were additionally responsible for the adverse action allegedly taken

11   against him.  Plaintiff has also failed to plead sufficient facts to satisfy the third element (a causal

12   connection between plaintiff's filing of grievances and the adverse actions he experienced) and

13   the fifth element (that the adverse actions he describes did not advance legitimate goals of

14   California Health Care Facility) of a retaliation claim.

15   It may also be that plaintiff is attempting to state a claim against the defendants for failing

16   to protect him from violence in his new housing assignment.  Insofar as plaintiff is attempting to

17   assert such a failure to protect claim, the Eighth Amendment prohibits the infliction of "cruel and

18   unusual punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of

19   pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.

20   Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670

21   (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence

22   constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence

23   or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual

24   Punishments Clause."  Whitley, 475 U.S. at 319.

25   What is needed to show unnecessary and wanton infliction of pain "varies according to

26   the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

27   (citing Whitley, 475 U.S. at 320).  It is well established that "prison officials have a duty . . . to

28   protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S.

4

825, 833 (1994).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'"  Id. at 834.  However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner.  Id.

In any amended complaint that plaintiff elects to file, he must allege facts that, if proven, would objectively establish that he suffered a "sufficiently serious" deprivation.  Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Plaintiff must also allege that subjectively each named defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.  A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety.  Id.

Finally, to the extent that plaintiff is seeking to assert a claim that he was provided constitutionally inadequate medical care, the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

In any amended complaint plaintiff elects to file, he will need to allege facts establishing, if proven, how each defendant's actions rose to the level of "deliberate indifference."  Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition, before it can be said

5

1    that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

2    substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

3    cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429

4    U.S. at 105-06).  See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In

5    determining deliberate indifference, we scrutinize the particular facts and look for substantial

6    indifference in the individual case, indicating more than mere negligence or isolated occurrences

7    of neglect.").

8           To summarize, the undersigned has determined that plaintiff's complaint does not contain

9    a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the

10   Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

11   elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649

12   (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

13   defendants engaged in that support his claim(s).  Id.  Because plaintiff has failed to comply with

14   the requirements of Federal Rule of Civil Procedure 8(a)(2), his complaint must be dismissed.

15   The court will, however, grant plaintiff leave to file an amended complaint.

16          If plaintiff chooses to amend the complaint, plaintiff must allege facts demonstrating how

17   the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis

18   v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the amended complaint must allege in specific

19   terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

20   unless there is some affirmative link or connection between a defendant's actions and the claimed

21   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

22   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

23   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of

24   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25          Plaintiff is also cautioned that, in any amended complaint, he cannot merely refer to a

26   series of exhibits in an attempt to state a claim.  For example, plaintiff should not write, as he did

27   in his initial complaint, that "[t]he plaintiff alerted Medical, Mental Health Custody which

28   amounts to gross negligence and threat to his sa[f]ety.  See all ex[h]ibits listed one thru sixty-

1    three." (Id. at 8.)  "A complaint must contain sufficient factual matter, accepted as true, to state a

2    claim to relief that is plausible on its face.   A claim has facial plausibility when the plaintiff

3    pleads factual content that allows the court to draw the reasonable inference that the defendant is

4    liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal

5    quotation and citation omitted).  While plaintiff is permitted to refer to attached exhibits in the

6    body of a complaint under Federal Rule of Civil Procedure 10(c), he should first set forth the

7    pertinent factual allegations in the complaint and then provide a precise reference to any exhibit

8    on which he relies, rather than relying on the court to piece together the elements of his claim

9    from the content of the exhibits.

10           Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

11   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17           In accordance with the above, IT IS HEREBY ORDERED that:

18           1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

19           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

21   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22   Director of the California Department of Corrections and Rehabilitation filed concurrently

23   herewith.

24           3.  Plaintiff's complaint is dismissed.

25           4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

26   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

27   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

28   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

1  two copies of the amended complaint; failure to file an amended complaint in accordance with

2  this order will result in a recommendation that this action be dismissed.

3  Dated:  October 14, 2015

4

5

6  DAD:10
   scha1802.14.new

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28